**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 10 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

In re:

RONALD K. SUDDARTH,

Debtor.

PATRICK J. MALLOY, III, Trustee,

Appellant,

v.

ARCADIA FINANCIAL LTD.,

Appellee.

No. 99-5036
(D.C. No. 98-CV-539-H(J))
(N.D. Okla.)

**ORDER AND JUDGMENT** *

Before **BALDOCK** , **PORFILIO** , and **BRORBY** , Circuit Judges.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Arcadia Financial, Ltd. (Arcadia), a creditor in the underlying bankruptcy proceeding, filed a motion with the bankruptcy court for relief from the automatic stay and for an order requiring the bankruptcy trustee to abandon the vehicle in which it claims an interest. The trustee objected to the motion, arguing that Arcadia had not properly perfected its security interest in the vehicle. The bankruptcy court granted Arcadia's motion, finding that, applying principles of the Uniform Commercial Code (UCC), the security interest in the motor vehicle was perfected if it substantially complied with the requirements of the notice filing statute. Further, the bankruptcy court found that Arcadia had substantially complied with the motor vehicle perfection statute because omission of the security agreement date from the designated box on the lien entry form did not seriously mislead creditors. On appeal, the district court adopted the magistrate judge's report and recommendation and affirmed the bankruptcy court's decision.

The trustee now appeals the district court's affirmance of the bankruptcy court's decision. We review the bankruptcy court's factual findings for clear error and its legal findings *de novo*. *See Phillips v. White (In re White)*, 25 F.3d

-2-

931, 933 (10th Cir. 1994). We also review *de novo* mixed questions, where legal conclusions are drawn from facts. *See Gullickson v. Brown (In re Brown)*, 108 F.3d 1290, 1292 (10th Cir. 1997). Guided by these standards, we affirm.

The relevant Oklahoma statute provides that a security interest in a vehicle is perfected upon delivery of the required fee, certificate of title or an application therefor, and a lien entry form. *See* 47 Okla. Stat. § 1110(A)(1) (2000 Supp.). The lien entry form must contain the secured party's name and address, and the date of the security agreement. *See id.* In this case, the date of the security agreement did not appear in the designated box on the lien entry form. The date of the security agreement was September 11, 1997, which happened to be the same date the lien entry form was signed by the Arcadia representative. Consequently, the date did appear on the lien entry form next to the secured party's signature.

The Supreme Court of Oklahoma has held that the motor vehicle perfection statute "is properly construed as a notice filing statute with requirements similar to those of Article 9 of the U.C.C.," and, consequently, a security interest is perfected under the statute if the secured party has substantially complied with the statute. *Woodson v. Ford Motor Credit Co. (In re Cook)*, 637 P.2d 588, 590 (Okla. 1981) (addressing statute prior to 1985 amendment). The lien entry form is in substantial compliance with the perfection statute even if it contains minor

errors, so long as they are not seriously misleading. *See id* . Further, "[w]hether the filing requirements have been substantially complied with so as to give requisite notice to other creditors depends on the facts of each case." *Id*. at 590. "[I]ntent controls over form in creation of security interests, and . . . the policy of liberal construction shall be applied to promote the underlying purpose of the UCC." *Woodson v. General Motors Acceptance Corp. (In re Hembree)* , 635 P.2d 601, 603 (Okla.1981) (citations omitted).

The bankruptcy court found that, under the circumstances of this particular case, a third party could not be seriously misled by omission of the security agreement date from the designated box. The court found that

> [a]ny creditor or purchaser seeking information about encumbrances on the Vehicle has notice from the face of the Lien Entry Form, which is on file at the Oklahoma Tax Commission, that Arcadia claims a lien as of September 11, 1997, the date that the Lien Entry Form was signed and delivered to the motor vehicle agent. Notice, the purpose of the perfection statute, has been achieved. Any creditor or purchaser creditor could easily contact Arcadia to determine additional information about the lien if necessary and would know that any sale or further encumbrance may be subject to Arcadia's claimed lien. Moreover, the Trustee does not show any actual or potential prejudice caused by the omission of the date from the box on the lien entry form.

Appellant's App. at 8-9. We see no error in these findings. We agree that omission of the date from the designated box was minor and not seriously misleading; any third party would have been put on notice of Arcadia's lien as existing at least from the date the lien entry form was signed. The bankruptcy

-4-

court was correct in finding, under these facts, that Arcadia substantially complied with the motor vehicle perfection statute. [2] We AFFIRM the district court's order affirming the bankruptcy court's order granting the motion for relief from the automatic stay and for abandonment of property.

Entered for the Court


Wade Brorby
Circuit Judge

---

[2] Arcadia notes in its brief on appeal that it continues to urge its position that the motor vehicle perfection statute does not require that the security agreement date appear on the lien entry form in situations involving submission of an existing certificate of title. The bankruptcy court correctly observed that the "sparsely punctuated run-on sentence contained in the statute" could, technically, be so read. Appellant's App. at 5. We agree, however, that both a practical reading of the statute and Oklahoma case law dictate that the requirement of inclusion of the security agreement date on the lien entry form is not limited to situations involving submission of an application for a certificate of title for a new vehicle.